UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JONATHAN LEE RICHES,

    Plaintiff,

v.                                                CASE NO. 6:08-cv-140-Orl-31GJK

USHER RAYMOND, IV, et al.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

On January 28, 2008, Plaintiff filed a Motion for Return of Property (Doc. No. 1).[1] On the same day, he also filed a motion for leave to proceed *in forma pauperis* (Doc. No. 2). Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

> (g)     In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Furthermore, "§ 1915(g)'s language makes it clear that the three strikes rule applies to claims dismissed prior to [its April 26, 1996] effective date." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

---

[1] Plaintiff's Motion for Return of Property is construed by this Court as a civil rights complaint.

The Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 8:07-cv-1644-T-30TGW; (2) 5:07-cv-376-Oc-10GRJ; and (3) 6:07-cv-1504-Orl-31KRS.[2] Based upon these three prior dismissals and Plaintiff's failure to allege that he is under imminent danger of serious physical injury, his application to proceed *in forma pauperis* will be denied and this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full filing fee.

Accordingly, it is now **ORDERED AND ADJUDGED**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) is **DENIED**.

2. This case is hereby **DISMISSED** without prejudice.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida this 4th day of February, 2008.

Copies to:
pslc 2/4
Jonathan Lee Riches

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that in case number 6:07-cv-1504-Orl-31KRS, Plaintiff was specifically restricted from filing any civil complaints in this Court without payment of the full statutory filing fee. *See* Case Number 6:07-cv-1504-Orl-31KRS, Doc. No. 3 at 2.